JUAN BENABE, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 53. Argued May 25, 1931.—Decided November 30, 1931.

*P. Pérez Pimentel* for petitioner. *Campos del Toro & Romero* for plaintiff in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Juan Benabe filed in this Supreme Court a petition for a writ of prohibition directed to the District Court of Humacao, the plaintiff, and the marshal of that court, to prohibit them from taking any further steps in the execution proceedings followed against the petitioner and surety in the case of *José Malgor & Co.* v. *Diego Zalduondo,* an action to recover on a promissory note. An alternative writ was issued and the parties were fully heard.

The following is a summary of the facts involved: In July, 1929, José Malgor & Co. brought suit against Diego Zalduondo to recover the sum of $3,000, with interest thereon and costs. He applied for and obtained security for the satisfaction of any judgment that might be recovered in the action, by attaching first some immovables of the debtor and then some of his funds deposited in the Bank of Nova Scotia. At this stage, the defendant offered a bond subscribed by himself and by the petitioner, Juan Benabe, for the purpose of procuring a dissolution of the attachment, which was granted. In its pertinent part the bond reads as follows:

"Now, THEREFORE, we, Juan R. Zalduondo Veve and Juan Benabe, bind ourselves jointly and severally unto the plaintiff, José Malgor & Co., in the sum of $3,700, which is the amount claimed in the action herein, the within bond being furnished to dissolve the attachment levied on the property of the defendant, said sureties to be liable as such jointly and severally for any final judgment that may be recovered in this case, in such manner that should any final judgment be rendered sustaining the complaint we will be answerable for any sum which the defendant might be adjudged to pay, said bond to be void if the judgment should be in favor of the said defendant."

In December, 1930, a judgment was rendered in the action against the defendant, granting the prayer of the complaint. The defendant took an appeal which was dismissed as frivolous in February, 1931. After the judgment became final,

the plaintiff, claiming to have knowledge that the defendant was financially embarrassed and that all his property was heavily encumbered, applied for an attachment of sufficient property of the surety, Benabe, to cover the amount of the judgment. Without hearing Benabe, this attachment was issued and levied on property consisting of rural estates and several head of cattle. At the same time, the plaintiff moved generally for the execution of the judgment, which was also ordered.

Two days afterward the plaintiff filed a motion for the summoning of the sureties and forfeiture of the bond, which was granted on March 4, 1931, and the court set the 12th of the same month for hearing the sureties. On the 7th of that month, the court on its own motion, postponed the hearing from the 12th to the 16th, and directed that the sureties be notified. The following note appears at the foot of the order:

"Copies of the above order were served on Enrique Campos del Toro, San Juan, P. R., Arturo Aponte, Humacao, P. R., Juan Benabe, and Juan R. Zalduondo Veve, both of Fajardo, P. R., on this 7th day of March, 1931. I certify. (Signed) Luis A. Cuevas, Deputy Clerk."

On March 16, only the plaintiff appeared and the court rendered judgment declaring the bond forfeited and decreeing the issuance of a writ of execution against the sureties to satisfy the judgment.

The writ was issued and was returned by the marshal with the following certificate:

"That I proceeded to comply with the annexed writ of execution in accordance with the instructions received from the attorney for plaintiff, and it appearing that all of the property of defendant Diego Zalduondo, according to the registry of property of Humacao, is encumbered by several mortgages and attachments, and that the undersigned marshal has requested and demanded of the debtor, personally, to designate property out of which the amount of the judgment which is sought to be enforced herein might be paid to the

plaintiff, and that the said defendant did not refuse to designate such property but that the property so designated was encumbered, I therefore return said execution unsatisfied, together with the within certificate.''

Another writ was issued which, as already stated, was executed by the marshal on the property of the surety, Benabe, and returned accordingly.

There is no doubt whatever that said surety Benabe was summoned to appear on the 12th of March. The summons was served by the marshal on Benabe at the latter's residence in Mata de Plátanos, Luquillo. As regards the summoning of Benabe to appear on the 16th, there is the note from the Clerk which we have transcribed. Contradicting it, there appears in the record an envelope addressed to Juan Benabe, Fajardo, P. R., which was returned by the post office as undelivered because the addressee was unknown.

The petitioner maintains that the district court acted without jurisdiction in decreeing the attachment on property of the surety, without the latter being heard; in accepting as valid the return made by the marshal who, acting by himself as if he were a judge, decided to return the writ unexecuted as to the debtor Zalduondo; and in entering judgment on the 16th of March declaring the forfeiture of the bond.

A proper determination of the case at bar requires that full account be taken of the attendant circumstances. The plaintiff brought suit and as an ancillary measure, in accordance with the law, it obtained security for the satisfaction of the judgment by means of an attachment on property of the debtor, which was levied on money belonging to the latter. In these circumstances, the judgment afterwards recovered by the plaintiff could have been executed without difficulty or delay. It was pursuant to steps taken by the debtor that the security thus obtained by the plaintiff was supplanted by the bond which the petitioner was willing to furnish. Perhaps the latter was not aware of the import of the obligation he was assuming. Perhaps, as happens very

often, he is the victim of an accommodation given without any benefit. However, the terms of the instrument are clear, the obligation assumed is a definite one, and such reliance was placed on the bond that the attached money was released, and the debtor disposed of it.

No special proceeding is fixed for the previous attachment of property of the surety in a case like the one at bar. It seems that the interested party followed the procedure marked by law to secure the effectiveness of judgments generally. He thought to himself: If in bringing an action I can obtain security for the judgment, with or without a bond, as the case might be, by attaching property of the debtor without the necessity of notifying the latter, why can I not obtain a similar remedy, against the surety who, in view of the financial situation of the debtor, is the only person whom I consider as responsible? The case being thus submitted to the court, we fail to see that the latter was absolutely without jurisdiction to decree the attachment.

The other questions raised involve the construction of section 16 of the Act to secure the effectiveness of judgments, as amended by Act No. 27 of 1916 (Session Laws, p. 77), reading as follows:

"After final judgment has been pronounced in favor of a litigant who has obtained a warrant of attachment to secure the effectiveness of said judgment, if said warrant of attachment shall have been suspended or rendered ineffective by virtue of a bond or deposit, the forfeiture of the bond in favor of the aforesaid litigant shall be decreed, and an order of execution against the party sentenced by judgment shall be issued. If the order of execution is returned unexecuted in whole or in part, a new order of execution shall be issued against the bondsmen for the unsatisfied remainder, the procedure established in sections 307 and 312, inclusive, of the Code of Civil Procedure, to be followed against said bondsmen."

The judgment involved in this case was a definitive (firme) one. It was rendered in favor of the party who secured the attachment that was dissolved by reason of the bond furnished by the debtor himself and the petitioner.

Under the terms of the statute, the forfeiture could have been decreed forthwith, as a consequence of the antecedent facts. The immediate issuance of a writ of execution against the surety is what could not have been done. The writ must be issued, as was issued, against the debtor in the first place.

If the writ of execution against the debtor should be returned unexecuted in whole or in part, then the issuance of execution against the surety lies, the applicable procedure being the one prescribed in sections 307 to 312 of the Code of Civil Procedure.

The facts stated by the marshal in justification of his returning, unexecuted, the writ issued against the debtor seem *prima facie* sufficient. If the latter's property was so encumbered that its sale would not bring in the amount required for the satisfaction of the judgment, such circumstance would amount to the nonexistence of any property. In doing what he did, the marshal did not act as a judge but proceeded in a reasonable manner, his action being subject to challenge by the prejudiced party and to a review by the court. The law prescribes that the surety be summoned so that he may duly have his day in court. Section 307 of the Code of Civil Procedure.

So far we fail to see any reasonable ground for holding that the court acted without jurisdiction. In our view, the court could, with the facts before it, order the summoning of the sureties to show cause why they should not be bound by the judgment in the same manner as though they had been originally summoned in the action and therefore had had an opportunity to defend the same.

This is what the court did but without fully complying with the requirements of the law. It ordered the issuance of the summons on the 4th for an appearance on the 12th, that is, within eight days, whereas section 308 of the Code of Civil Procedure, in connection with section 89 of the same

statute, fixes for the appearance the minimum term of ten days.

The court became aware of this fact and attempted to correct the error by setting the appearance for the 16th; but this required a new summons which was not served in accordance with law, as clearly shown by the original record which was produced by virtue of the writ of prohibition issued. In the very note entered by the clerk at the foot of the order of the court it is stated that Benabe resides in Fajardo, while according to the return of the original defective summons it appears that he resides in Luquillo. This is why the letter addressed to Fajardo was returned by the post office. Moreover, mailing was not the proper method of serving the process, which must conform to all the requirements pertaining to a summons. Otherwise the persons so summoned are not brought within the jurisdiction of the court.

It then clearly appears that the surety was not given the opportunity to which he was entitled and, consequently, the writ of execution against his property to satisfy the judgment could not have been decreed. All the proceedings had from and after the order of March 4, 1931, must be set aside, and the case remanded to the proper district court for further proceedings in accordance with the law.